Curia, per

Whitner, J.
This action is brought to recover money paid by mistake, and the question presented is, whether the plaintiff was properly chargeable with the ten per cent, damages exacted and collected by the defendant, under the circum-' stances of this case.
The view entertained by the whole Court relieves me from entering into an examination of the complex question raised in the second ground, maintained with authority and plausible argument by counsel on each side, and about which there is diversity of opinion amongst ourselves.
For like reason, I am saved from much inquiry, as to the respective liabilities of parties to a bill of exchange, in case of dishonor, either by non-acceptance or non-payment, in the course of ordinary business, transactions, and of the liabilities of the one to the other, as well in reference to the principal sum and interest, as damages and expenses incurred by the dishonor, and whether secured by statutory enactment, or the general principles of the law merchant.
Confined to the face of the paper these questions would arise, but we have been furnished with the means and are privileged to look behind the paper itself, to ascertain the true character the parties sustained to each other.
The plaintiff, resident in Alabama, the factor of W. S. Campbell, without being furnished with funds and without being paid the usual charge for guaranteeing the bill, undertook a remittance to the defendant in Charleston, S. C., of a certain amount to be placed by him to the credit of Campbell. The bill of exchange was purchased by plaintiff, indorsed and forwarded; though accepted, it was not paid at maturity, and being protested for non-payment, the plaintiff, as endorser, subsequently paid *390 the amount of the bill and interest, as also the- ten per cent, claimed.
It turns out that the defendant likewise was the friend and agent of Mr. Campbell, and the fund, when provided in'Charleston, was for the use of Campbell, as he might afterwards direct; that the defendant, therefore, for the time being, was the mere depository. The intervening failure of the business parties to this bill, gave rise to a further inquiry as between plaintiff, defendant and Campbell.
We have then the fact of one agent remitting to another agent of the same party; or, in another form, Mr. Campbell, through his agent in Alabama, transmits a draft to himself through his agent in South Carolina, and though their names were severally used in the transfer, to this complexion it comes at last. These parties then, plaintiff and defendant, however ignorant of the fact, at the time, stood in at least as favorable a relation as that of mere accommodation holder and endorser. The relation being understood, the defendant cannot be considered as having sustained special loss or injury,-to be recovered of the plaintiff, when ex equo et bono, such an operation would be describing a circle merely; intended beneficially for Mr. Campbell in tracing •it directly, such recovery would be but the reversal and consequently a retracing of the same circle. Though upon the face of the paper, -prima facie, the parties should be treated as bona fide ; hence, any one into whose hands it might pass regularly, was authorized to regard and treat each other, whether standing before or after, as having all the rights incident to a bona fide business transaction, yet when the derivative title of each has been ascertained, and their true character made known, injustice should be restrained or injury repaired as between and amongst those who occupy, in fact, a different relation from the one supposed.
Hence the conduct of the holder, in the exaction, and the acquiescence of the endorser, in its payment, was excusable and justifiable as to each other, whilst ignorant of their true relation ; nevertheless the mistake falls within the rule, and the *391 party now seeking, is entitled to its correction ; no subsequent change of relative condition having yet transpired between them. The recovery was authorized, by the facts, of the sum demanded, and a new trial should be had.
The motion is therefore granted.
O’Neall, Evans, Wardlaw, Frost and Withers, JJ. concurred.

Motion granted.